IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ELVIS ANTONIO ABREU-RODRIGUEZ, | § | |
| Petitioner, | § § § | |
| v. | § § | CIVIL ACTION No. 2:18-CV-034-Z (CRIMINAL ACTION No. 2:16-CR-80-Z) |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

### MEMORANDUM OPINION AND ORDER DENYING
### MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

This matter comes before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed February 16, 2018 (ECF No. 1) ("Motion"). For the reasons set forth below, the Motion is DENIED.

**BACKGROUND**

In 2016, Petitioner was arrested during a traffic stop when a patrolman found cocaine, methamphetamine, and marijuana in his car. Petitioner pleaded guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1). *See* CR ECF No. 21.[1] During his rearraignment, he averred he had committed each essential element of the offense. He also acknowledged he voluntarily chose to plead guilty and to give up his right to appeal his conviction or sentence. *See* CR ECF No. 32, at 18 *ll.* 9–24; *id.* at 15–16. The Court accepted Petitioner's guilty plea. *See id.* at 19 *ll.* 11–13.

The PSR calculated a total offense level of 27 after reductions under the safety valve, for Petitioner's "minor role" in the offense, and for acceptance of responsibility. *See id.* ¶¶ 27–34, at

---

[1] Record citations to Petitioner's federal criminal case, *United States v. Abreu-Rodriguez*, 2:16-CR-80-Z-BR-1 shall be to "CR ECF No." throughout this Opinion.

7–8. The Court determined the mandatory minimum sentence of ten years was inapplicable and sentenced Petitioner at the very bottom of the applicable guideline range, *i.e.* seventy months of imprisonment. *See* CR ECF No. 28, at 1–2. Petitioner did not appeal his conviction or sentence.

Petitioner now asks the Court to vacate his sentence and reconsider it after an evidentiary hearing on whether he merited a "minimal role" reduction instead of the lesser "minor role" one. *See* Motion at 14–19. The Government argues the Motion should be denied because (1) Petitioner waived his right to appeal, (2) it is procedurally barred, (3) a sentencing error is not cognizable on collateral review, and (4) the claim is factually baseless. *See* ECF No. 5, at 1. Petitioner replies his waiver was invalid due to ineffective assistance of counsel. *See* ECF No. 6, at 4.

### LEGAL STANDARD

"Section 2255 provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (internal marks omitted). "[A] defendant is limited to alleging errors of a constitutional or jurisdictional magnitude." *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (internal marks omitted). When alleging issues of jurisdictional or constitutional magnitude for the first time in a § 2255, a Petitioner must show cause for his procedural default in not raising the issue on direct appeal and actual prejudice suffered as a result of the error. *Samuels*, 59 F.3d at 528; *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).

### ANALYSIS

Petitioner has requested an evidentiary hearing to resolve his claim. *See* ECF No. 1, at 12. Such a request is permitted only if a Petitioner presents independent indicia of the likely merits of his allegations. *See United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (internal marks

omitted). Because Petitioner's offers no such indicia and his sole ground for relief is both factually baseless and procedurally barred, his Motion is denied.

### A. Factually Baseless Claims

The Court accepted the PSR "minor participant role" finding as opposed to a "minimal participant" role. The former applies to any defendant "**less culpable** than most other participants in the criminal activity," whereas the latter only covers defendants who are "plainly among the **least culpable** of those involved in the conduct of a group." U.S.S.G. §3B1.2 nn.4–5 (emphases added). The dividing line between these two types of roles is fact dependent, but the sentencing guideline application notes propose distinguishing criteria. Among those criteria are the degree to which a defendant: (1) understood the scope and structure of the criminal activity; (2) participated in planning or organizing the criminal activity; (3) exercised decision-making authority or influenced the exercise of decision-making authority; and (4) stood to benefit from the criminal activity. *See* U.S.S.G. §3B1.2 n.3(C). Petitioner makes *no* arguments about *any* of these factors.

Even if the Court were to try to make Petitioner's argument for him, information in the Factual Resume supports the conclusion that a "minimal participant role" would have been inappropriate in this case. *See* CR ECF No. 17. Petitioner knew not only his drop off point but also the *final destination* of the drugs he carried. This fact alone suggests possessed more than a minimal understanding of the "scope and structure of the criminal activity." U.S.S.G. §3B1.2 n.3(C). Even if he did not, the division between a "minor" and a "minimal" role is discretionary, and Petitioner's protestation he was merely a drug mule is not decisive. In fact, a drug mule is not guaranteed even a "minor role" offense level reduction, let alone a "minimal role" one. *See United States v. Silva-De Hoyos,* 702 F.3d 843, 847 (5th Cir. 2012).

### B. Procedural Bar: Appellate Waiver

At Petitioner's rearraignment, he assured the Court he reviewed, understood, and had no objections to the plea agreement. *See* CR ECF No. 32 at 7–8. He further acknowledged he understood he was giving up his right to appeal and to file any post-conviction proceedings, except for the limited circumstances set out in the plea agreement. *Id*. at 15–16. Such formal declarations in open court carry a strong presumption of truth, and the record establishes Petitioner in fact understood the charge against him and the direct consequences of his waiver. As such, he knowingly and voluntarily waived his right to appeal his conviction and sentence in a collateral proceeding. *See* CR ECF No. 5, at 4. The Fifth Circuit upheld such informed and voluntary waiver of post-conviction relief in *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

The Fifth Circuit exception to the above waiver rule in cases of ineffective assistance of counsel does not apply here. *See United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004). Petitioner stated during his rearraignment he was fully satisfied with defense counsel's advice and representation. *See* CR ECF No. 32, at 7 *ll*. 17–20. Petitioner's current IAC claim is waived because he raises it for the first time in his reply to the Motion. *See Marroquin v. United States*, No. CIVA 3:08-CV-0489-GBH, 2009 WL 89242, at *4 (N.D. Tex. Jan. 12, 2009).

### C. Procedural Bar: Not Cognizable on Collateral Review/Failure to Appeal

Even if Petitioner had not waived the right to file a § 2255 motion in his Plea Agreement, a collateral challenge may not take the place of a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). Petitioner solely argues a guideline calculation error, which he could have raised on direct appeal. He chose not to do so and has not here (1) shown cause for his procedural default and actual prejudice resulting from the error or (2) demonstrated the alleged violation probably resulted in wrongful conviction. *Shaid*, 937 F.2d at 232. Thus, his issue is procedurally barred. *Id*.

**CONCLUSION**

For the reasons set forth above, the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 1) filed by Petitioner Elvis Antonio Abreu-Rodriguez is DENIED.

**SO ORDERED.**

November 30, 2020.

                                                                                       _____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE